IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>SYNERGY ACCEPTANCE CORPORATION,<br>Debtor<br>_____<br>E. LYNN SCHOENMANN, Trustee of the Bankruptcy Estate of Synergy Acceptance Corporation,<br>      Plaintiff,<br>  v.<br>JAMES A. TORCHIA, et al.,<br>      Defendants._____/ | No. C-14-4891 MMC<br><br>**ORDER DENYING IN PART AND DEFERRING RULING IN PART ON PLAINTIFF'S OBJECTIONS TO BANKRUPTCY COURT RULINGS; DIRECTIONS TO PARTIES** |

    Before the Court are (1) "Trustee Objections to Bankruptcy Court Rulings on Summary Judgment," (2) "Trustee Objection to Bankruptcy Court Ruling Striking Declaration of Loren Kieve in Support of the Trustee's Motion for Summary Judgment," (3) "Trustee Objection to Bankruptcy Court Ruling on Defendants' Motion to File a Second Amended Answer and Grant of Summary Judgment Based on That Amendment," and (4) "Trustee Objections to Bankruptcy Court Rulings on the Trustee's Motions to Strike Defendants' Summary Judgment Evidence," each filed March 20, 2015.  Defendants have

filed an Omnibus Response to the objections,[1] to which the Trustee has replied.  Having read and considered the papers filed in support of and in response to the objections, the Court hereby rules as follows.[2]

**BACKGROUND**

In the above-titled action filed in the bankruptcy court, the Trustee seeks to recover, on behalf of the bankruptcy estate of debtor Synergy Acceptance Corporation, four payments alleged to be fraudulent conveyances (see Amended Compl. ("AC") ¶¶ 71, 109-118), as well as the value of four "write off[s]" alleged to be fraudulent (see AC ¶¶ 51, 109-118).  On January 4, 2013, defendants filed a Motion to Withdraw the Reference, which motion was assigned to the undersigned.  On January 23, 2013, the Bankruptcy Judge, in light of defendants' timely filing of a jury demand and declination to consent to a jury trial in the bankruptcy court, recommended this Court defer ruling on the motion to withdraw until after the Bankruptcy Judge had conducted all pretrial proceedings.  By order filed February 19, 2013, the Court adopted the recommendation, and denied defendants' motion to withdraw without prejudice to renewal after the completion of pretrial proceedings.

The following year, on October 22, 2014, the Bankruptcy Judge issued a Certification of Readiness for Jury Trial and Recommendation for Withdrawal of Reference ("Certification of Readiness"), advising this Court that pretrial proceedings had concluded, recommending the reference be withdrawn, and identifying the claims remaining for trial before a jury.  In the Certification of Readiness, the Bankruptcy Judge also summarized various rulings issued during the pretrial proceedings, including orders granting summary judgment in favor of defendants on certain of the Trustee's claims.  On October 30, 2014, defendants renewed their Motion to Withdraw the Reference, and, on November 5, 2014,

---

[1]Defendants are James A. Torchia, Marc A. Celello, Clear Skies Holding Company, Cars 1st LLC, Credit National Auto Sales, LLC, Credit Nation Lending Services LLC, Jaro LLC, National Viatical, Inc., River Green Investment Management LLC, and River Green LLC.

[2]By order filed June 16, 2015, the Court took the Trustee's objections under submission.

the Trustee filed a "Response to Certification of Readiness . . . and Defendants' Motion to Withdraw the Reference; and Objections to Bankruptcy Court's Pretrial Rulings Pursuant to Bankruptcy Rule 9033," in which the Trustee, inter alia, agreed withdrawal of the reference was appropriate.

By order filed November 13, 2014, the Court granted defendants' motion for withdrawal of the reference, and scheduled a case management conference. On January 7, 2015, the parties filed a Joint Case Management Statement, in which they set forth, inter alia, their disagreement as to whether the Trustee is entitled to object to any or all of the Bankruptcy Judge's rulings made prior to this Court's withdrawal of the reference. At the Case Management Conference, conducted January 16, 2015, the Court, at the parties' joint request, set a briefing schedule to address the matter.[3]

**DISCUSSION**

By the instant objections, the Trustee seeks de novo review of certain rulings issued by the Bankruptcy Judge. Specifically, the Trustee seeks review of an order granting in part defendants' motion to amend their answer, an order denying the Trustee's motion for summary judgment, two orders granting summary judgment in favor of defendants as to some of the Trustee's claims, and orders granting or denying motions to strike evidence offered in support of or in opposition to one or both motions for summary judgment.

A proceeding instituted in bankruptcy court may be either a "core" or a "non-core" proceeding. See Executive Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2171 (2014). In a "core" proceeding, the bankruptcy court has the power to "hear and determine" the matter and enter a "final judgment." See id. at 2171-72 (internal quotation and citation omitted). In a "non-core" proceeding, the bankruptcy court has "the narrower power to 'hear' [the] proceeding . . . , and to 'submit proposed findings of fact and conclusions of law

---

[3] Defendants contend the Court, by its order of January 16, 2015, only afforded the parties leave to brief the issue of whether the Bankruptcy Judge's orders can be challenged by objection, and not the merits of those objections. As both parties have fully set forth their positions on the merits, however, the Court does not further address herein their disagreement as to the scope of the authorized briefing.

3

to the district court' for the entry of final judgment," see In re Bellingham, 702 F.3d 553, 565 (9th Cir. 2012) (quoting 28 U.S.C. § 157(c)(1)), after which the district court conducts a "de novo review upon the record . . . .," see Fed. R. Bankr. Proc. 9033(d).  A bankruptcy court hearing a non-core proceeding may, however, enter "interlocutory decisions and orders on non-core issues," and such decisions and orders "need not be submitted to the district court," see In Re Castro, 919 F.2d 107, 108-09 (9th Cir. 1990), as "only the power to enter final judgment is abrogated," see In re Bellingham, 702 F.3d at 565-65 (holding bankruptcy courts, when hearing non-core claims, "must be vested with as much adjudicatory power as the Constitution will bear").

Here, the Bankruptcy Judge determined the instant proceeding was non-core.  See 28 U.S.C. § 157(b)(3) (providing bankruptcy court shall determine whether proceeding is core or non-core); see also Executive Benefits Ins. Agency, 134 S. Ct. at 2174 (holding "fraudulent conveyance claims are not core") (internal quotation and alteration omitted).  Consequently, the Bankruptcy Judge, while lacking authority to enter a final judgment on the Trustee's fraudulent conveyance claims, had the power to enter interlocutory orders in connection therewith.

As set forth above, the Trustee seeks de novo review of certain orders issued by the Bankruptcy Judge.  Two of those orders, specifically, an order denying the Trustee's motion for summary judgment and an order affording defendants leave to amend their answer to add an affirmative defense, are interlocutory in nature, as neither resolved the merits of any claim or affirmative defense, but, rather, allowed the subject claims and affirmative defense to proceed to a determination on the merits.  See, e.g., In re One-Eighty Investments, Ltd., 72 B.R. 35, 37 (N.D. Ill. 1987) (holding order denying summary judgment was "interlocutory order," which "bankruptcy court had authority to [issue] without submitting proposed Findings of Fact and Conclusions of Law to [district] court"); In re Lion Capital Group, 46 B.R. 850, 853-54 (Bankr. S.D. N.Y. 1985) (holding bankruptcy court's order allowing defendants to amend counterclaims asserted in answer was "interlocutory order[ ]" and, as such, could "be entered [by bankruptcy court] without regard to whether

4

1 the proceeding [was] core or non-core").

2       Accordingly, to the extent the Trustee seeks review of the order affording defendants leave to amend their answer and the order denying the Trustee's motion for summary judgment, as well as any order striking evidence offered solely to support such motion for summary judgment,[4] the objections will be denied.

      As noted, the Trustee also seeks de novo review of two orders granting summary judgment in favor of defendants as to some of the Trustee's claims, as well as orders denying the Trustee's motion(s) to strike certain evidence offered by defendants in support of their motion for summary judgment.[5] As to those orders, defendants argue, no right to review by the district court exists, and, even if such right does exist, the Trustee has waived it by failing to comply with the applicable statutory requirements and/or by consenting to the bankruptcy court's jurisdiction. The Court first addresses defendants' argument that the Trustee has no right to seek review, in the district court, of the orders granting summary judgment.

      An order granting summary judgment ordinarily would be considered a final disposition as to any claim so decided and, consequently, would be subject to de novo review in the district court. Defendants argue that the subject orders granting summary judgment should not be considered a final disposition, however, as some of the Trustee's claims have not been adjudicated by the Bankruptcy Judge and remain pending for trial in the district court. Specifically, defendants contend, a district court does not review a dispositive order issued by the bankruptcy court in a non-core proceeding unless and until the bankruptcy court has resolved all claims pending in the action before it, at which point the bankruptcy court issues proposed findings of fact and conclusions of law, thereby

---

[4] The Trustee objects to an order striking a declaration offered in support of the Trustee's motion for summary judgment. (See Objection, Doc. No. 30.) It is unclear from the limited record provided to this Court, see infra, whether said declaration was offered solely to support the Trustee's motion or whether it also was offered to oppose defendants' motion for summary judgment.

[5] It is unclear from the limited record provided to this Court whether the Trustee filed one or more motions to strike evidence.

5

1 rendering all previously issued dispositive orders its final disposition, which, in turn, is
2 subject to de novo review in the district court.  Here, according to defendants, the
3 dispositive orders issued by the Bankruptcy Judge cannot be reviewed by a district court
4 because the Bankruptcy Judge, having denied summary judgment as to some of the claims
5 for which a jury was demanded, did not have jurisdiction to enter a final disposition as to all
6 of the Trustee's claims, and thus, according to defendants, could not enter a final
7 disposition as to any.[6]  The Court disagrees.

8 Although the procedure for review described by defendants would apply where, in a
9 non-core proceeding, no party has made a jury demand or, if such a demand has been
10 made, all claims are resolved in the bankruptcy court by dispositive motion, see, e.g., In re
11 Trinsum Group, Inc., 467 B.R. 734, 735-36, 742 (Bankr. S.D. N.Y. 2012) (declining to
12 submit to district court proposed findings of fact and conclusions of law upon issuance of
13 order dismissing, without leave to amend, some but not all of claims in adversary
14 complaint), the rationale behind that procedure is, essentially, to provide for an orderly
15 resolution of all the claims without imposing on the district court and parties the
16 unnecessary burden of "piecemeal litigation," see id. at 742 (holding that, "[a]lthough the
17 Bankruptcy Code and Rules may permit a bankruptcy judge to accelerate review of [a
18 dispositive order] by filing proposed findings of fact and conclusions of law before the end
19 of the case, the strong federal policy against piecemeal appeals ordinarily counsels against
20 it unless judicial efficiency or other factors support it").

21 Here, in light of defendants' jury demand and the Bankruptcy Judge's determination
22 that some of the Trustee's claims are triable, the Bankruptcy Court could not proceed any

---

[6]Defendants theorize that after the jury renders a verdict on the remaining claims and this Court enters a final judgment, the Trustee can then, and only then, seek review of the Bankruptcy Court's orders granting summary judgment, by filing a notice of appeal to the Court of Appeals for the Ninth Circuit and challenging said orders on direct appeal.  The Trustee's right, however, is to have her claims decided de novo by a district court, rather than to have to file a notice of appeal to obtain review by the Court of Appeals in the first instance. See 28 U.S.C. § 157(c)(1) (providing that, in non-core proceeding, "the bankruptcy court shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court after . . . reviewing de novo those matters to which any party has timely and specifically objected").

1 further than it did. There is no risk of piecemeal litigation. Under such circumstances, the
2 Court finds the Bankruptcy Judge's orders granting summary judgment in favor of
3 defendants are final dispositions of the claims summarily adjudicated, and, as the Trustee
4 argues, the Bankruptcy Judge's Certification of Readiness is to be treated as the
5 Bankruptcy Judge's proposed Findings of Fact and Conclusions of Law to the extent the
6 Certification of Readiness references the orders granting summary judgment. See, e.g., In
7 re Rady, 138 B.R. 608, 610 (D. Nev. 1992) (explaining, where bankruptcy court finds some
8 non-core claims in adversary complaint must be tried to jury and others may be summarily
9 adjudicated, bankruptcy court submits to district court proposed findings of fact and
10 conclusions of law as to claims for which summary judgment is proper).

11       Defendants also argue that the Trustee consented to the jurisdiction of the
12 bankruptcy court, and, consequently, is bound by any dispositive order issued by the
13 Bankruptcy Judge. The Court is not persuaded. As noted above, defendants declined to
14 consent to the jurisdiction of the bankruptcy court. In light of defendants' declination, the
15 Bankruptcy Judge lacked jurisdiction to enter a binding dispositive order as to any party in
16 the above-titled adversary proceeding. See In re Bellingham, 702 F.3d at 567 (holding
17 "bankruptcy courts may enter final judgments in non-core proceedings with the consent of
18 all the parties to the proceeding") (internal quotation and citation omitted) (emphasis
19 added).

20       Accordingly, the Court finds the orders granting summary judgment in favor of
21 defendants are subject to de novo review, which, absent a finding of waiver, the Court will
22 proceed to conduct on the record of the proceedings in the bankruptcy court.

23       In that regard, the Court observes that the record provided to this Court is
24 insufficient, as the Court has not received copies of all filings made in support of and in
25 opposition to defendants' motion for summary judgment nor has the Court received copies
26 of all filings made in support of and in opposition to the motion(s) to strike evidence offered
27 either in support of or in opposition to defendants' motion for summary judgment. As set
28 forth below, the Court will direct each party to submit all documents filed by that party in

7

connection with defendants' motion for summary judgment and the motion(s) to strike evidence offered in support of and in opposition to defendants' motion for summary judgment.  Upon submission of the entire record, the Court will take under submission (1) the Trustee's objections to the orders granting summary judgment, as well as orders declining to strike evidence offered by defendants in support of said motion, as well as (2) defendants' argument that the Trustee's objections are untimely and deficient and, consequently, that the Trustee has waived her right to de novo review.

**CONCLUSION**

For the reasons stated above:

1. To the extent the Trustee seeks de novo review of the order affording defendants leave to amend their answer, the order denying the Trustee's motion for summary judgment, and any order striking evidence offered solely to support the Trustee's motion for summary judgment, the objections are hereby DENIED.

2. To the extent the Trustee seeks de novo review of the orders granting partial summary judgment in favor of defendants, as well as orders granting or denying motions to strike evidence offered in support of or in opposition to defendants' motion for summary judgment, the ruling on the objections is hereby DEFERRED.

3. The Trustee is hereby DIRECTED to file, no later than July 17, 2015, all documents she filed in the bankruptcy court in opposition to defendants' motion for summary judgment, as well as all documents she filed in the bankruptcy court in support of or in opposition to any motion to strike evidence offered in support of or in opposition to defendants' motion for summary judgment.[7]

4. Defendants are hereby DIRECTED to file, no later than July 17, 2015, all documents they filed in the bankruptcy court in support of their motion for summary judgment, as well as all documents they filed in the bankruptcy court in support of or in opposition to any motion to strike evidence offered in support of or in opposition to their

---

[7]The Trustee need not refile any document she previously filed in this Court.

motion for summary judgment.

5. As of July 17, 2015, the Court will take under submission the deferred portion of the Trustee's objections, as well as defendants' argument that the Trustee has waived her right to de novo review.

**IT IS SO ORDERED.**

Dated: June 29, 2015

MAXINE M. CHESNEY
United States District Judge