IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. LYNN SCHOENMANN,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A. TORCHIA, et al.,<br><br>    Defendants. | Case No. 14-cv-04891-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT CELELLO TO EXECUTE SETTLEMENT AGREEMENT; VACATING HEARING**<br><br>Re: Dkt. No. 124 |

    Before the Court is plaintiff Trustee E. Lynn Schoenmann's ("Trustee") "Motion to Compel Def. Celello Execution of Settlement Agreement," filed July 25, 2016. Defendant Marc A. Celello ("Celello") has filed opposition, to which the Trustee has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for September 2, 2016, and rules as follows.

    On April 15, 2016, all parties to the above-titled action, including the Trustee and Celello, filed a document titled "Joint Notice of Settlement," in which they informed the Court they had "reached a settlement of all claims asserted in this action," and that the parties had, inter alia, agreed to the following term thereof: "Defendants will pay $55,000 to Synergy Acceptance Corporation's bankruptcy estate within ten (10) days of the Bankruptcy Court's approval of the settlement agreement." (See Joint Notice of Settlement, filed April 15, 2016.)

    By the instant motion to compel, the Trustee seeks an order requiring Celello to "execute a settlement agreement agreed to and represented to the Court" (see Pl.'s Mot.

at 2:3-4), i.e., an order requiring Celello to sign a written agreement that, according to the Trustee, memorializes the settlement the parties reached in April 2016 (see Kieve Decl. ¶ 5, Ex. A).  In support thereof, however, the Trustee cites to no authority holding a district court can essentially convert an oral settlement agreement into a written one.[1]

Accordingly, the Trustee's motion to compel is hereby DENIED.[2]

**IT IS SO ORDERED.**

Dated: August 31, 2016

MAXINE M. CHESNEY
United States District Judge

---

[1] It is unclear from the Trustee's motion whether the Trustee, for purposes of enforcement, believes she needs a written agreement, or why the parties' Joint Notice of Settlement, which appears to set forth the terms of the instant agreement, would not constitute a sufficient writing, even if a writing were necessary.

[2] The Court notes that both the Trustee and Celello, in their respective filings, cite various cases addressing the circumstances under which enforcement of a settlement agreement is proper.  As the Court stated in its order of June 17, 2016, any issue as to the enforceability of the instant settlement agreement would appear to be premature, given the parties' stated intention to seek approval of said agreement from the Bankruptcy Court.